**FIELD, et al v. CITY OF MIAMI.**
No. 58 C 8916.

Circuit Court, Dade County.
September 21, 1961.

E. F. P. Brigham, Miami, for plaintiffs.

City Attorney, Miami, for defendant.

A. L. Weintraub and William L. Pallot, both of Miami, for Sidney L. Weintraub and Brickell Hammock Civic Ass'n., intervenors.

ROBERT L. FLOYD, Circuit Judge.

*Opinion and final decree:* In their complaint, plaintiffs, N. R. Field, individually and as trustee, and Janet Knox Field, his wife, pray that zoning ordinance no. 1684 of the defendant, City of Miami, as applied to their property, restricting its use to single family residence, be declared void as violative of section 12 of

the Declaration of Rights of the Florida constitution and section 1 of the 14th amendment to the constitution of the United States.

In their answers, the defendant city, as well as the intervening defendants, who were allowed to intervene in recognition of the propriety of this suit, contend that plaintiffs' property is lawfully zoned R-1 (single family residence), and that the ordinance is validly applied to the same. At final hearing of this cause, it was stipulated by counsel for all parties that the plaintiffs had exhausted their administrative remedies.

The court personally heard the testimony of the parties, comprising some 434 legal size typewritten pages, and inspected 27 exhibits admitted in evidence. At the conclusion of the final hearing, the parties, at the request of the court, submitted extensive briefs, which have now been thoroughly considered.

Plaintiffs' property comprises some 18 acres to the harbor line of Biscayne Bay, and extends from the Rickenbacker Causeway in a southerly direction some 1900 feet towards the Dade County Art Museum at Vizcaya, and lies between Brickell Avenue extension (a four lane 75 foot wide street with middle parkway) and the waters of Biscayne Bay. Its location is apparent in the upper left hand or southeast corner of the map incorporated by the Supreme Court in Tollius v. City of Miami, 96 So. 2d 122, 123.

The court finds that the evidence submitted in this cause is not reasonably debatable, but, on the other hand, conclusive, that plaintiffs' property is not suited for single family residence purposes, and that restricting it to R-1 zoning by said ordinance is arbitrary, unreasonable, confiscatory, void and unconstitutional.

Already there have been a number of decisions which bear directly upon the validity vel non of the city's ordinance as applied to the plaintiffs' property. Referring to the diagram in the Tollius decision again, the Supreme Court, in City of Miami v. Hammock Homes, Inc., 57 So. 2d 459, held that zoning restricting the property shown at figure (2), referred to at the trial as the Hunt property, to single family use, was void as being unreasonable, oppressive and unconstitutional. The same conclusion was reached in the Tollius case, supra, concerning the property designated on the Supreme Court diagram by the figure (1), the high court holding that the changed circumstances existing at the Rickenbacker Causeway entrance to U. S. No. 1 and the similarity of the facts to those in the Hammock Homes case, justified the holding that single family zoning was void. Likewise, Judge Stanley Milledge of the circuit court of this county, in chancery case no.

133,160, which has long since been final and unreversed, entered a summary final decree holding that the property referred to as the Howard Johnson property and shown on figure (3) in the Supreme Court diagram, should not be restricted to single family use, and that doing so was void and unconstitutional, as well as unreasonable and oppressive.

These rulings were made in 1951 and 1952 on properties adjacent to the causeway on the north and directly opposite the plaintiffs' property, or diagonally across the street from it. It was argued in the brief of the intervenors that the north side of the causeway should be the stopping point for liberalizing zoning on the land lying between Brickell Avenue and Biscayne Bay, but with this the court cannot agree. It is obvious that the same changed circumstances, which justified the courts in holding R-1 zoning to be oppressive and unconstitutional on the north side of the Rickenbacker Causeway, likewise exist on the south side of the causeway on plaintiffs' property. Not to liberalize the zoning on plaintiffs' property, but to continue to confine it to R-1 zoning on the ground that the Rickenbacker Causeway is a natural barrier, is unrealistic, arbitrary and unreasonable. Under the testimony before the court, the same facts and circumstances which justified liberalizing the zoning on the north side of the Rickenbacker Causeway likewise justify liberalizing the zoning on the plaintiffs' property on the south side of the causeway.

The defendant city, on June 1, 1960, passed ordinance no. 6650 for Beatrice Delaney, permitting two skyscraper (21 story) apartment buildings to be located on her property 300 feet north of the Rickenbacker Causeway. Her property, which had been theretofore zoned for single family use, extended from Brickell Avenue to Biscayne Bay, and is an area less than one-half the size of the plaintiffs' property involved here. This ordinance recites that it was passed in the interest of the general welfare of the City of Miami, and, under the testimony and evidence in this case, the court agrees fully with this finding of the defendant city. The Delaney property is designated by figure (9) in the lower left hand or northeast corner of the Supreme Court diagram in the Tollius case. (The undersigned, incidentally, is more than passingly familiar with the Tollius case.)

Witnesses well qualified as experts testified that plaintiffs' property was not suitable for single family residence use. The pattern has been definitely set by changed conditions and court decisions. There is not the slightest doubt that, when the city authorized the Rickenbacker Causeway to be thrushed through the Brickell Avenue residential section in 1947 alongside plain-

tiffs' property, it completed the change which had been in process since World War II of making plaintiffs' property unsuitable for single family residential purposes. As pointed out by plaintiffs' witnesses, and indeed it is obvious from the evidence, plaintiffs' property is not desirable for single family residence use now. All the conditions which justified a change of zoning in the decisions previously mentioned are present here, only in the opinion of this court more so.

That zoning is highly desirable for orderly use of property in a city is not questioned here, but when it is apparent that the circumstances which justified zoning plaintiffs' property in 1936 R-1 have so completely changed as is evident here, the failure of the city to lift such restrictive zoning on the plaintiffs' property is unrealistic, unreasonable, arbitrary and void. It violates the plaintiffs' rights guaranted to them by section 12 of the Declaration of Rights of the Florida Constitution that they shall not be deprived of their property without due process of law and just compensation.

This court finds from the evidence and testimony in this case — (1) That it is not debatable, but conclusive, that plaintiffs' property cannot be used in the zoning sense for single family residences. (2) That ordinance no. 1684 of the defendant city, as applied to plaintiffs' property restricting its use to single family residences, is void and unconstitutional, arbitrary and unreasonable.

Wherefore, the premises considered, it is considered, ordered, adjudged and decreed — (1) That zoning ordinance no. 1684 of the defendant city is void and unconstitutional as applied to the plaintiffs' property, which is legally described as: lots 85 to 93, inclusive, block B, James Deering Plat of the City of Miami, according to the plat thereof recorded in plat book 4, at page 94, public records of Dade County, Florida, extending between Brickell Avenue and Biscayne Bay, and bounded on the north by the Rickenbacker Causeway; also described as: lots 85 through 93, block B, Flagler (Mary Brickell), according to the plat thereof recorded in plat book 5, at page 44, public records of Dade County, Florida. (2) That the defendant city be, and it is hereby, enjoined from enforcing R-1 single family use zoning against the property of the plaintiffs. (3) That the defendant city, within 60 days from the date hereof, rezone plaintiffs' property to a use consistent with the facts and circumstances of this case. (4) That the defendant city, through its counsel of record in this case, within the 60 days herein mentioned, report to this court what zoning the defendant city has placed upon the plaintiffs' property.

(5) That this court retain jurisdiction of this cause for the purpose of determining, upon plaintiffs' petition filed therefor, whether such zoning is legal and proper and in accordance with the facts and circumstances of this case. (6) That the costs of this action be, and they are hereby, taxed against the defendant in an amount to be determined by this court upon petition therefor, and when determined shall be deemed a part of this decree.